UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

MICHAEL A. BRUZZONE,

    Plaintiff,

v.

WILLIAM ALSUP,

    Defendant.

Case No. 17-cv-04558-DMR

**ORDER GRANTING IFP APPLICATION AND DISMISSING CASE**

Pro se Plaintiff Michael A. Bruzzone filed an application for leave to proceed *in forma pauperis* ("IFP"). Having considered Plaintiff's papers, the court grants the application to proceed IFP and dismisses the complaint.[1]

## I. DISCUSSION

A court may allow a plaintiff to prosecute an action in federal court without prepayment of fees or security if the plaintiff submits an affidavit showing that he or she is unable to pay such fees or provide such security. *See* 28 U.S.C. § 1915(a). Having evaluated Plaintiff's financial affidavit, the court finds that he has satisfied the economic eligibility requirement of 28 U.S.C. § 1915(a) and grants the application to proceed IFP.

The court's grant of Plaintiff's application to proceed IFP, however, does not mean that he

---

[1] A magistrate judge generally must obtain the consent of the parties to enter dispositive rulings and judgments in a civil case. *See* 28 U.S.C. § 636(c)(1). However, in cases such as this one, where the plaintiff has consented but not served the defendants, "all parties have consented pursuant to 28 U.S.C. § 636(c)(1)," and a magistrate judge therefore "'may conduct any or all proceedings in a jury or nonjury civil matter and order the entry of judgment in the case.'" *Gaddy v. McDonald*, No. CV 11-08271 SS, 2011 WL 5515505, at *1 n.2 (C.D. Cal. Nov. 9, 2011) (quoting § 636(c)(1)) (citing *United States v. Real Property*, 135 F.3d 1312, 1317 (9th Cir. 1995)); *Third World Media, LLC v. Doe*, No. C 10-04470 LB, 2011 WL 4344160, at *3 (N.D. Cal. Sept. 15, 2011)); *see also Neals v. Norwood*, 59 F.3d 530, 532 (5th Cir.1995) (holding that magistrate judge had jurisdiction to dismiss action as frivolous without consent of defendants because defendants had not yet been served and therefore were not parties).

may continue to prosecute his complaint. A court is under a continuing duty to dismiss a case filed without the payment of the filing fee whenever it determines that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(i)-(iii). If the court dismisses a case pursuant to Section 1915(e)(2)(B), the plaintiff may still file the same complaint by paying the filing fee. This is because the court's section 1915(e)(2)(B) dismissal is not on the merits, but rather an exercise of the court's discretion under the IFP statute. *Denton v. Hernandez*, 504 U.S. 25, 32 (1992).

To make the determination under 28 U.S.C. § 1915(e)(2)(B), courts assess whether there is an arguable factual and legal basis for the asserted wrong, "however inartfully pleaded." *Franklin v. Murphy*, 745 F.2d 1221, 1227-28 (9th Cir. 1984). Courts have the authority to dismiss complaints founded on "wholly fanciful" factual allegations for lack of subject matter jurisdiction. *Id.* at 1228. A court can also dismiss a complaint where it is based solely on conclusory statements, naked assertions without any factual basis, or allegations that are not plausible on their face. *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009); *see also Erickson v. Pardus*, 551 U.S. 89 (2007) (per curiam).

Here, the complaint names United States District Court Judge William H. Alsup as the defendant, and challenges judicial orders issued by Judge Alsup. For example, Plaintiff disputes what he describes as Judge Alsup's "erroneous and fraudulent Judicial ORDERS on the result of false statements and misrepresentations incorporated into ORDERS," including the "portrayal of Bruzzone as 'not [a] relator'" for purposes of the False Claims Act. Compl. 5-7, 10-12. According to Plaintiff, Judge Alsup knowingly allowed Intel Corporation and others "to figuratively hang themselves by allowing their constructed fraud on the court floor to progress." *Id.* at 8. Bruzzone also challenges Judge Alsup's August 2014 decision to declare Plaintiff a vexatious litigant. *Id.* at 7, 11, 12. *See Bruzzone v. Intel Corp., et al.*, Case No. 14-1279 WHA, Docket No. 88 (Aug. 19, 2014 Order Granting Intel's Motion to Declare Michael Bruzzone a Vexatious Litigant).

Plaintiff's case is wholly barred by judicial immunity. "Judges are absolutely immune from civil liability for damages for their judicial acts." *See, e.g., Mullis v. U.S. Bankr. Court for Dist. of Nev.*, 828 F.2d 1385, 1388 (9th Cir. 1987). A federal judge's immunity is not limited to immunity from damages, but extends to actions for declaratory, injunctive, and other equitable relief. *Moore v. Brewster*, 96 F.3d 1240, 1243 (9th Cir. 1996). Since this action challenges acts performed by Judge Alsup in his judicial capacity, it is completely barred by judicial immunity. Accordingly, Plaintiff's complaint is dismissed.

## II. CONCLUSION

For the foregoing reasons, Plaintiff's IFP application is granted. The complaint is dismissed with prejudice.

**IT IS SO ORDERED**.

Dated: August 28, 2017

_____
DONNA M. RYU
United States Magistrate Judge

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL A. BRUZZONE,<br><br>    Plaintiff,<br><br>v.<br><br>WILLIAM ALSUP,<br><br>    Defendant. | Case No. 4:17-cv-04558-DMR<br><br>**CERTIFICATE OF SERVICE** |

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on August 28, 2017, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Michael A. Bruzzone
3766 Via Verdi
Richmond, CA 94803

Dated: August 28, 2017

                            Susan Y. Soong
                            Clerk, United States District Court

                            By:_____
                            Ivy Lerma Garcia, Deputy Clerk to the
                            Honorable DONNA M. RYU