United States District Court
Northern District of California

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

MICHAEL A. BRUZZONE,

Plaintiff,

v.

WILLIAM ALSUP,

Defendant.

Case No. 3:17-cv-04558-JD

**ORDER RE MOTION FOR RELIEF FROM JUDGMENT**

Re: Dkt. No. 35

Pro se plaintiff Michael A. Bruzzone filed the instant action against United States District Judge William Alsup, challenging a number of orders he issued in plaintiff's 2014 lawsuit against Intel Corporation. The Court previously held that plaintiff's claims were barred by judicial immunity because he challenged only actions taken by a judge within the scope of his judicial service. Dkt. No. 32. The Court consequently dismissed the case with prejudice and entered judgment. Dkt. No. 33. Now before the Court is plaintiff's motion to modify the judgment under Federal Rule of Civil Procedure 59(e). Dkt. No. 35. Plaintiff makes two requests for modification: he asks that the dismissal "with prejudice" be changed to one "without prejudice," and he also asks for the removal of any reference to his "amended complaint" because he apparently did not intend for that document to be filed. *Id*. The Court denies both requests.

While a plaintiff may move to alter or amend a judgment under Rule 59(e), such relief is an "extraordinary remedy, to be used sparingly." *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000). Such a motion should not be granted "absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *Id*.

Plaintiff has not met that high bar for either of his requests. Dismissal with prejudice is appropriate where it is "clear" that "the complaint could not be saved by amendment." *Eminence*

1  *Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003). That is the case here.

2  Plaintiff's two-page motion presents no new evidence, nor does it assert a basis for why judicial

3  immunity does not bar his claims or explain what claim he could assert against Judge Alsup that

4  would not be barred by judicial immunity.

5  On the "amended complaint" issue, it is unclear from plaintiff's own papers which version

6  of his complaint he wishes to be the operative one. *See* Dkt. No. 35 at 2 (stating Bruzzone

7  "attempted to file first amended" complaint but also stating, "[n]o first amended complaint is

8  filed"). And plaintiff has never filed on the docket a clear withdrawal of his amended complaint,

9  which he acknowledges he did "attempt[] to file." On the substance, the Court finds that this issue

10  is not one that makes a difference, because judicial immunity bars plaintiff's claims in both

11  versions of his complaint. Dkt. Nos. 1, 30.

12  Plaintiff's motion to modify the judgment is consequently denied.

13  **IT IS SO ORDERED.**

14  Dated: November 30, 2018

15

16

17  JAMES DONATO
    United States District Judge

18

19

20

21

22

23

24

25

26

27

28